PILLON v. KIRWAN.

1. JUDGES—QUALIFICATIONS—MUNICIPAL COURTS OF RECORD.

A judge of a municipal court of record, such as the recorder's court of the city of Detroit, must be licensed to practice law in this State, not be 70 years of age at time of election, and be a qualified elector, not necessarily registered, of the municipality in which election is sought (Const 1963, art 6, § 19; PA 1954, No 116, § 426b, as added by PA 1965, No 85).

2. ELECTIONS—QUALIFICATIONS OF ELECTORS.

The qualifications of a person entitled to registration as an elector are that he be a citizen of the United States, at least 21 years of age, a resident of this State for at least 6 months, and be a resident of the city or township for at least 30 days prior to the next ensuing regular or special election or primary election (CLS 1961, § 168.492).

3. SAME—REGISTRATION—PURPOSE.

The purpose of registration under the election laws is to provide a currently active list of qualified electors for use in the next ensuing election (CLS 1961, § 168.492).

4. SAME—REGISTRATION—REMOVAL FROM ROLL.

Removal of individual defendant's name from registered voters' roll was properly denied, where such defendant had been registered within the city and was now living therein at a new address to which he had transferred his registration upwards of 6 months before election at which he was a candidate for office (CLS 1961, § 168.492).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judges §§ 8–11.
[2] 18 Am Jur, Elections §§ 52, 53, 56.
[3] 18 Am Jur, Elections §§ 82, 95.
[4, 5] 18 Am Jur, Elections §§ 59, 95, 96.
Remedy and procedure for purging voter's registration lists. 96 ALR 1035.
[6] 5 Am Jur 2d, Appeal and Error § 1009,

5. Judges—Election—Recorder's Court of Detroit—Change of Registration.

Refusal of trial court to direct removal of individual defendant's name from ballot in election of judge of recorder's court of the city of Detroit—traffic and ordinance division *held*, without error, insofar as claim of disqualification because he had changed his admittedly once valid registration for voting to a new address, where such change of registration had been effected upwards of 6 months before the election was to be held, and such defendant was not otherwise shown to be disqualified (Const 1963, art 6, § 19; PA 1954, No 116, § 426b, as added by PA 1965, No 85; CLS 1961, § 168.492).

6. Costs—Public Question—Judges—Qualifications.

No costs are allowed in proceeding to obtain writ of superintending control, whereby candidate for office of a judge of the recorder's court of the city of Detroit—traffic and ordinance division was claimed to be disqualified because of alleged invalid registration as elector, a public question being involved (Const 1963, art 6, § 19; PA 1954, No 116, § 426b, as added by PA 1965, No 85; CLS 1961, § 168.492; GCR 1963, 711).

Appeal from Wayne; Fitzgerald (Neal), J. Submitted Division 1 October 12, 1965, at Detroit. (Docket No. 1,280.) Decided October 18, 1965.

Gregory M. Pillon, elector, sought a writ of superintending control to compel Thomas D. Leadbetter, Detroit city clerk, to remove John R. Kirwan's name from a list of registered electors of the city of Detroit, and to compel the Detroit election commission to remove defendant Kirwan's name from ballot listing him as a candidate for judge of the recorder's court of Detroit—traffic and ordinance division. Writ denied. Plaintiff appeals. Joseph E. Maher, also a candidate for the same office, intervened as party plaintiff. Affirmed.

*Gregory M. Pillon,* plaintiff, *in propria persona.*

*Joseph E. Maher,* intervening plaintiff, *in propria persona.*

*Patrick J. Ledwidge* and *Ralph Sosin* (*Alspector, Sosin & Mittenthal* and *Dickinson, Wright, McKean & Cudlip,* of counsel), for defendant Kirwan.

*Robert Reese,* Corporation Counsel, and *Robert D. McClear* and *John H. Witherspoon,* Assistants Corporation Counsel, for defendant city clerk and defendant city election commission.

J. H. GILLIS, J. Plaintiff, Gregory M. Pillon, sought a writ of superintending control[1] in the Wayne circuit court to compel defendant city clerk, Thomas D. Leadbetter, to remove defendant John R. Kirwan's name from the list of registered electors in ward 22, precinct 158, of the city of Detroit. Plaintiff further sought to compel the Detroit election commission to remove the name of defendant Kirwan from the ballot which listed him as a candidate for judge of the recorder's court—traffic and ordinance division.

The plaintiff's complaint alleged that John R. Kirwan, a registered elector in the city of Detroit in 1962, moved and established a new residence in another county, but that Kirwan continued to vote from the Detroit address instead of voting at his new residence. (Defendant Kirwan in his brief denies same.) The complaint further alleged that on April 15, 1965, John R. Kirwan effectuated a change of address of his 1962 registration to another address within the city of Detroit by requesting such transfer with the city election commission.

An order to show cause was issued against the defendants. Kirwan filed a motion to dismiss, and the other defendants a motion for summary judgment, both motions contending that the complaint failed to state a cause of action.[2]

---

[1] See GCR 1963, 711.—REPORTER.
[2] See GCR 1963, 117.2(1).—REPORTER.

A hearing was conducted on the plaintiff's complaint and defendants' motions. The trial court received in evidence four exhibits offered by defendants:

(1) The official registration record of the city of Detroit relating to defendant-appellee Kirwan.

(2) The nominating petition of John R. Kirwan filed with the clerk of the city of Detroit.

(3) A certified birth certificate of John R. Kirwan.

(4) A certificate of the Supreme Court of Michigan certifying that John R. Kirwan is a lawyer in the State of Michigan and is in good standing.

The circuit court held that the plaintiff had failed to state a cause of action. From this ruling of the trial court, plaintiff appeals.

The primary election having been held in the interim and John R. Kirwan and Joseph E. Maher having been nominated for the office of judge of the recorder's court—traffic and ordinance division, this Court on motion allowed Joseph E. Maher to intervene as plaintiff.

The issues before this Court are two-fold:

(1) Is a candidate for the office of judge of the recorder's court—traffic and ordinance division required to be a *registered* qualified elector?

(2) Does the transfer of an elector's registration from an address, at which the elector has not lived for upwards of two years, to a new address, which presently is the elector's residence, effect a valid elector's registration at his new address?

The 1963 Constitution of the State of Michigan, article 6, § 19, provides:

"Judges of courts of record must be persons who are licensed to practice law in this State. No person shall be elected * * * to a judicial office after reaching the age of 70 years."

The statutory requirements setting forth the qualifications are contained in PA 1954, No 116, § 426b, as added by PA 1965, No 85 (CL 1948, § 168.426b [Stat Ann 1965 Cum Supp § 6.1426(2)]), approved by the governor on June 24, 1965, and given immediate effect.

"No person shall be eligible to the office of judge of such a municipal court of record who is not a *qualified elector* of the municipality in which election is sought; who is not licensed to practice law in this State; and who, at the time of election, is 70 years or over."

The charter of the city of Detroit, title 5, chap 1, § 1, provides that judges of the recorder's court shall have the qualifications required by the laws of this State.

"The   *   *   *   judges of the recorder's court *   *   *   shall have such qualifications   *   *   *   as are   *   *   *   required by the laws of the State."

The Michigan election law sets forth the qualifications for registration as elector in CLS 1961, § 168.492 (Stat Ann 1956 Rev § 6.1492):

"Every person who has the following qualifications of an elector, or who will have such qualifications at the next ensuing election or primary election, shall be entitled to be registered as an elector in the township, ward or precinct in which he or she resides; such person must be a citizen of the United States; at least 21 years of age; a resident of the State of Michigan for at least 6 months; and be a resident of the city or township for at least 30 days prior to the next ensuing regular or special election or primary election."

It is, thus, readily apparent that in order to qualify as a candidate for the office of judge of the recorder's court—traffic and ordinance division, one

need not be a registered qualified elector, but only a qualified elector eligible to register.

The plaintiff also argues that the defendant Kirwan's name should be stricken from the voters' rolls as a registered elector, contending that the transfer was a nullity, since his former registration should have been canceled on the basis that he had not maintained a Detroit residence for some 25 months. Plaintiff does not contend that Kirwan could not have registered on April 15, 1965, and does not contend that he did not meet the statutory requirements for registration on that date, but argues that one cannot transfer an illegal registration.

With respect to defendant Kirwan's status as a registered elector, it is clear to this Court that the purpose of the registration section of the election laws is to provide a currently active list of qualified electors for use in the next ensuing election. No valid authority is cited by plaintiffs, nor do we find any, to sustain their contention that the name of John R. Kirwan should be removed from the registered voters' roll.

We find no error in the trial court's refusal to remove John R. Kirwan's name from the ballot.

Judgment of the trial court is affirmed. No costs, a public question being involved.

LESINSKI, C. J., and WATTS, J., concurred.